Davis, J.,
delivered the opinion of the court:
The claimants contend, first, that they were induced, by representations of the Postmaster-General that they could have the old dies, to contract to commence their deliveries on the 1st of October, and to keep stocks of envelopes and wrappers thenceforward on hand; that those representations having proved to be unfounded, they were released from the obligation to do more than prepare for the manufacture with the greatest possible dispatch, and use-all possible diligence thereafter to execute orders; and that they were.guilty of no default in any of these respects.
The facts do not sustain this contention. They could not *21 have been induced to make their bid by representations which were made to them after the bid was put in, or to execute the contract by statements which were fully and officially corrected before the contract was signed by them.
It is unnecessary for us to decide whether a greater diligence could have been required of them than they showed, as we rest •our decision on two other points.
It is admitted by the defendants that the amount due the claimants is wrongfully withheld; that it is justly due them; and that the defendants’ remedy, if any, is by suit against the claimants. This has been practically commenced by filing a counter-claim in this case, demanding as damages the sum which the defendants paid Beay in excess of the price which they would have been obliged to pay the claimants for the same envelopes and wrappers. To this counter-claim there are two conclusive defenses:
1st. That the claimants were never required to execute but one of the orders which were executed by Reay, and that that one was voluntarily withdrawn from them by the defendants.
2d. That the defendants suffered no actual loss by the transfer of the orders. Section 3915 of the Eevised Statutes requires the Postmaster-General to provide suitable letter and newspaper envelopes, to be known as “stamped envelopes,” and to sell the same to the public, as nearly as may be, at the cost of procuring them, with the addition of the value of the postage stamps impressed thereon. In compliance with this provision of law, tiie Post-master-General contracted with Beay to manufacture and deliver envelopes, and fixed a schedule price for sales based upon Eeay’s contract. At the expiration of Beay’s contract he made a more favorable contract with the claimants. Beay, however, continued to manufacture for about three months after the expiration of his contracts. The old schedule of prices was maintained until Beay ceased to manufacture; then only did the reduced prices take effect. It is plain, therefore, that there was no loss to the defendants. The loss, even if the claimants were guilty of a breach of their contract which caused one, came out of the general public, who paid the defendants a premium which insured them against loss. To allow the counter-claim would be to pay the defendants for a loss which they have not suffered.
The counter-claim must be dismissed, and judgment entered for the claimants lor $11,587.99.